FILED

2018 Jun-29 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

VIRGINA PRINCE, *et al.*,                )
                                         )
     Plaintiff,                          )
                                         )
v.                                       )      Case Number:   1:14-CV-01708-ACA
                                         )
THE CATO CORPORATION,                    )
                                         )
     Defendant.                          )

## DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING MOTION TO DECERTIFY AND SUPPORTING MEMORANDUM OF LAW

Defendant The Cato Corporation ("Cato") hereby requests that the Court reconsider the Order denying Defendant's Motion to Decertify the Conditionally Certified Collective Action [DOC. 75]. Defendant brings this motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) for the need to correct clear error and prevent manifest injustice. This motion is based upon the incorporated Memorandum of Law in Support of Defendant's Motion to Reconsider and all other pleadings and papers on file in this action. In support of its Motion to Reconsider, defendant states as follows:

### A.    New Supreme Court Case Law Requires a Broader and Fairer Reading of FLSA Exemption than *Morgan*

In its June 19, 2018 Order, the Court denied defendant's Motion to Decertify the Conditionally Certified Collective Action [DOC. 64]. The Court's decision

relied almost exclusively on the Eleventh Circuit's 2009 *Morgan* decision.  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008).  As defendant previously argued, the United States Supreme Court's recent decision makes clear that in cases like *Morgan*, courts read exemptions under the FLSA far too narrowly.  *Encino Motorcars, LLC v. Navarro,* 138 S. Ct. 1134, 1142 (2018).  *Encino* expressly rejected this narrow reading of the exemptions, mandating that FLSA exemptions, like the one at issue in this case, be given their fair reading, and not be construed too narrowly.  *Encino,* 183 S. Ct. at 1142.  Defendant respectfully submits that if the Court reconsiders defendant's decertification motion under the *Encino*, and not the narrow *Morgan* lens, the Court would conclude that decertification is appropriate.

Further, *Morgan* does not mandate that a district court reach the same conclusion in cases involving retail managers and the executive exemption.  Indeed, as one district court has noted "it does not necessarily follow that a contrary ruling [in *Morgan*] would have been an abuse of the district court's discretion."  *Knott v. Dollar Tree Stores, Inc.*, 897 F. Supp. 2d 1230, 1240 (N.D. Ala. 2012).

**B.     Common Classification Is Not Sufficient For Collective Treatment**

The Court focuses the majority of its opinion holding that because of Cato's universal classification of Store Managers with a similar job description as exempt and Cato's use of standard store operations policies, the plaintiffs in this case are similarly situated.  *See* Opinion pp. 9-13.  This issue is not determinative and

2

numerous courts have noted that a uniform job description or an employer's decision to classify a particular group of employees as exempt does not eliminate the need to make individualized, factual determinations regarding what members of the proposed collective actually do. *See e.g. Costello v. Kohl's Illinois, Inc.,* 2014 U.S. Dist. LEXIS 124376, at *4 (S.D.N.Y. 2014) (noting "if a uniform job description was sufficient, every business in corporate America would be subject to automatic certification of a nationwide collective action on the basis of the personal experiences of a single misclassified employee"); *Knott,* 897 F. Supp. 2d at 1239-1240 (explaining how mere classification of a group does not automatically qualify plaintiffs as similarly situated). Focusing solely on a job description and a store operations manual wholly ignores the testimony of the many differences among the plaintiffs and opt-in plaintiffs present in this case. It is this testimony and not solely the written company materials that must be assessed. Defendant submits that this assessment dictates decertification.

### C.   Fact that Retail Employees Sell Does Not Preclude Exempt Status

The Court found that the primary job responsibility of a Store Manager was sales generation in its decision to deny decertification. *See* Opinion, p. 10. However, the fact that a Store Manager of a retail operation is responsible for making sure the store sells merchandise does not preclude exempt status. In fact, any employee of any retailer is by design focused on sales generation – from the CEO to the lowest

level employee – as that is the nature of every retailer.  Simply because a Store Manager was responsible for the sales of its store does not equate with every Store Manager being similarly situated.

Focusing only on the sales generation portion of the Store Manager's job ignores defendant's arguments regarding concurrent duties.   As the Department of Labor regulations make clear, the executive exemption is not lost if a retail manager spends time performing non-management tasks such as selling and stocking, provided she often does so while also supervising employees or doing other management tasks. *See* 29 C.F.R. § 541.106(a).  In this case, the plaintiffs testified to concurrent management and manual tasks, such as training and merchandising, while also performing customer service. *See e.g.* Hawkins Depo. p. 57 ll. 1-22 [Doc. 66, Exhibit B].   This testimony regarding different concurrent duties is another reason decertification is required.

### D. District Managers Overseeing Multiple Stores Could Not Possibly Be "Running the Show"

The Court erroneously concluded that a "district manager really ran the show." Opinion, p. 16.  This conclusion seemingly ignores the fact that Cato District Managers are responsible for 10 to 12 stores and visit these stores infrequently – sometimes even only *one* time per month. *See* Declaration of Michael Phillips, at ¶ 3 [Doc. 18, Exhibit A]; Hawkins Depo. p. 67 ll. 10-16, Randles Depo. p. 33 ll. 20-22, Allen Depo. p. 96 ll. 19-21 [Doc. 66, Exhibits B, D, E].   Despite this

4

impossibility, what is most important at this decertification stage is that the plaintiffs in this case have differing and distinct interactions with their varying District Managers, demonstrating that they are not similarly situated.

### E. Plaintiffs Have Not Met Their Burden for Class Certification

The Court's decision seemingly ignores or summarily dismisses the many distinctions highlighted by defendant in its motion and supporting brief.  Instead, even though this Court previously questioned these type of statements, the Court seems to rely heavily on plaintiffs' cookie cutter nearly identical declarations that do not appear to be based on actual personal knowledge and are written in such a manner that their truthfulness is questionable.  *See* Memorandum Opinion, p. 13 entered May 25, 2016 [Doc. 47].   Multiple courts have denied conditional certification motions (which are under a more lenient standard than at issue with a decertification motion) where these type of cookie cutter, boilerplate declarations are submitted.  *See e.g.*, *Kelley v. Taxprep1, Inc.*, No. 5:13-cv-451-Oc-22PRL, 2014 U.S. Dist. LEXIS 184589, at *2 (M.D. Fla. Apr. 2, 2014) (denying conditional certification and stating the "Plaintiffs' 'four cut-and-paste, form affidavits . . . are insufficient' to satisfy Plaintiffs' burden"); *Palacios v. Boehringer Ingelheim Pharm., Inc.*, No. 8:10-CV-320-T-27MAP, 2011 U.S. Dist. LEXIS 92002, at *5 (S.D. Fla. Apr. 19, 2011) (denying conditional certification and stating "[t]he Court strongly disapproves of the use of boilerplate attorney-drafted declarations")

The Court also claims that defendant somehow waived an indication of a distinction among the plaintiffs and opt-in plaintiffs because defendant did not cite to particular case law regarding a conflict of interest.  Defendant highlighted these inherent conflicts as part of its demonstration that the plaintiffs are not similarly situated.  Although defendant was making this argument that this factually demonstrates that the plaintiffs in this case are not similarly situated, there is legal precedent for this concept in the Rule 23(a) context where courts have recognized that class members should not be grouped together if an inherent conflict of interest or competing interests exist.  *See e.g., Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003).  A plaintiff intending to fire, promote or discipline another opt-in plaintiff reflects divergent intentions that do not seem appropriate for class certification.  As defendant explained:

> For example, plaintiff Virginia Prince testified of her intent to discipline and possibly fire opt-in plaintiff Whitney Whitten-Parker, while opt-in plaintiff Christy Hawkins recommended the promotion of fellow opt-in plaintiff Tara Bennett.  See Ex. G, p. 101 l. 8 – p. 105 l. 10; Ex. B p. 87 ll. 3-22.  Similarly, at first opt-in Nelda Jolly recommended that another opt-in Jessica Randles leave the company but later changed her mind and recommended Randles be promoted after Randles began taking her job more seriously.  See Ex. C pp. 76 l. 1 – 77 l. 15.

Again, defendant submits these potential conflicts are but one additional reason that the plaintiff group lacks similarity.

### F.   Highly Individualized Defenses Dictate Decertification

In denying defendant's motion, the Court, once again relying almost exclusively on the *Morgan* decision, determined that the executive exemption was not too individualized to preclude collective action.  *See* Opinion, p. 19.  Defendant submits that all key aspects of Cato's defenses turn on Store Manager-by-Store Manager fact-finding not susceptible to group adjudication.  The relevant statutory exemption, which now has to be assessed under the fair, and not narrow, reading, will require an individual, fact-specific analysis of each Store Manager's job activities and responsibilities.   Differences in each plaintiff's individual circumstances make this case unsuitable for collective treatment.  *See e.g., Richter v. Dolgencorp, Inc.*, Civ. No. 7:06-cv-1537, 2012 U.S. Dist. LEXIS 1512, at **20-26 (N.D. Ala. October 22, 2012) (granting decertification motion in collective action of retail store managers involving the executive exemption); *Knott,* 897 F. Supp. 2d at 1237, 1241 (difference in the type and amount of work plaintiff managers performed and assessment of executive exemption called for decertification).

### G.   Certification Remains Improper Given Fairness Considerations

In denying the decertification motion, the Court notes that the *Morgan* case had substantially more opt-in plaintiffs than are involved in this current litigation.  *See* Opinion, p. 21.   However, the assessment of fairness and procedural considerations is not solely a numbers game and any efficiency gained by permitting

7

plaintiffs to proceed collectively "cannot be obtained at the expense of [Cato's] due process rights." *Knott*, 897 F. Supp. 2d at 1241. It is fundamentally unfair to require Cato to defend 25 separate trials simultaneously where an extensively fact-based inquiry is required to assess the broad and fair reading of the executive exemption for *each* individual opt-in plaintiff. Decertifying the class would not unduly disadvantage plaintiffs or opt-in plaintiffs as each would retain the right to pursue claims individually and recover attorneys' fees.

Based on the reasons highlighted in defendant's decertification motion and those identified above, defendant urges the Court to reconsider its finding that the plaintiffs in this case are sufficiently similarly situated for class certification.

## CONCLUSION

For the foregoing reasons, as well as the entire record of this case, defendant respectfully requests the Court to reconsider its June 19, 2018 Order, and grant Defendant's Motion to Decertify the Conditionally Certified Collective Action.

Respectfully submitted this 29th day of June, 2018.

> *s/ Shannon L. Miller*
> Thomas A. Davis (ASB-5877-S56T)
> davist@jacksonlewis.com
> Phone:  205-332-3101
> Tammy L. Baker (ASB- 9522-B62T)
> bakert@jacksonlewis.com
> Phone:  205-332-3106
> Shannon L. Miller (ASB- 8026-R60S)
> millers@jacksonlewis.com
> Phone:  205-332-3102
> **JACKSON LEWIS P.C.**
> 800 Shades Creek Parkway, Ste. 870
> Birmingham, Alabama 35209
> Facsimile:  205-332-3131

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of June, 2018, a true and correct copy of the foregoing has been served via the Court's CM/ECF filing system upon the following counsel of record:

Robert J. Camp, Esq.
Gregory O. Wiggins, Esq.
Rocco Calamusa, Esq.
Kevin W. Jent, Esq.
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203

> *s/ Shannon L. Miller*
> Counsel of Record

4825-7789-8604, v. 1

9